# United States District Court
# Eastern District of California

| | |
|---|---|
| JACK K. WEBB,<br><br>    Petitioner,<br><br> v.<br><br>ROY CASTRO, *et al.*,<br><br>    Respondents. | CV 06-00951 TJH<br><br><br>Order |

  Webb filed this petition for federal *habeas corpus* relief, claiming that his Sixth Amendment and *Miranda* rights were violated. Webb, further, contends that Cal. Penal Code §190.2(d) is overly vague in violation of the Fourteenth Amendment and overly broad in violation of the Eighth Amendment.

  A federal *habeas* court reviews the state court's ruling under a highly deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279, 286 (2002). The federal court has no authority to grant *habeas* relief unless the state court's ruling resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d)(1).

First, the Sixth Amendment is violated only when the government's action "substantially prejudices the defendant." *United States v. Green*, 962 F.2d 938, 941 (9th Cir. 1992). The court ruled that, though Green's defense strategy was revealed to the prosecution, there was no indication that Green's ability to defend himself was impaired or that the prosecution was able to use the information in any way. *Green*, 962 F.2d at 941. Here, Webb's legal information was never sent to the prosecution. Removing the files for a short time was simply a mistake by a rookie correctional officer. Webb's decision to stop speaking with his attorney on the phone and writing down notes about the case, is not sufficient to show a breach of the attorney-client privilege. Webb was not prejudiced by the correctional officer's mistake.

Second, before a suspect may be interrogated while in custody, he must be advised of his right to remain silent and his right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 467-71, 86 S. Ct. 1602, 1624-26, 16 L. Ed. 2d 694, 719-21 (1966). A waiver of *Miranda* rights need not be explicit; a suspect may impliedly waive the rights by answering an officer's questions after receiving *Miranda* warnings. *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127 (9th Cir. 2005). A waiver is knowing, intelligent and valid if, under the totality of the circumstances, it is made with a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Rodriguez-Preciado*, 399 F.3d at 1127. Webb told the detectives that he understood his *Miranda* rights. Webb said he did not want to talk about the case, then, continued to talk and ask questions about the case and the investigation. Once Webb invoked his right to counsel the detectives stopped questioning him. Webb, then, asked to speak to the detectives about the case. Since Webb initiated the continued discussion, it was an implied waiver of his *Miranda* rights.

Third, whether a term within a statute needs to be further defined turns on whether it expresses a concept within a jury's ordinary experience. *United States v. Moore*, 921 F.2d 207, 210 (9th Cir.1990). Just as violence was a concept within the ordinary experience of the jury in *Moore*, the term major participant is a concept within the ordinary experience of the jury. Thus, the Cal. Penal Code § 190.2(d) was not vague.

Fourth, Webb contends that the term, reckless indifference to human life, is disproportionate to a sentence of life imprisonment without parole. The Eighth Amendment does not prohibit the death penalty for robbery felony murder. *Woratzeck v. Stewart*, 97 F.3d 329, 335 (9th Cir. 1996). "The reckless disregard for human life implicit in knowingly engaging in criminal activities known to carry a grave risk of death represents a highly culpable mental state, a mental state that may be taken into account in making a capital sentencing judgment when that conduct causes its natural, though also not inevitable, lethal result." *Woratzeck*, 97 F.3d at 335. Thus, it follows that the reckless disregard for human life is a mental state that may be taken into account in making the lesser sentencing judgment of life imprisonment without parole. Therefore, the felony murder special circumstance rule was not overly broad.

Consequently, the state appellate court's decision denying *habeas corpus* relief was neither contrary to, nor involved the unreasonable application of clearly established federal law.

It is Ordered that the petition for *habeas corpus* be, and hereby is, Denied.

Date:   October 22, 2009

_____
   Terry J. Hatter, Jr.
Senior United States District Judge